Matter of Schlendorf (2024 NY Slip Op 04396)

Matter of Schlendorf

2024 NY Slip Op 04396

Decided on September 11, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
BARRY E. WARHIT, JJ.

2023-08466

[*1]In the Matter of David Thomas Schlendorf, an attorney and counselor-at-law. (Attorney Registration No. 2827129)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 12, 1997. By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey dated December 28, 2022.

Catherine A. Sheridan, Hauppauge, NY (Rose L. Dias of counsel), for Grievance Committee for the Tenth Judicial District.

PER CURIAM.

OPINION & ORDER
By order of the Supreme Court of New Jersey dated December 28, 2022, the respondent was disbarred, his name was stricken from the roll of attorneys, and he was permanently restrained and enjoined from practicing law in that state, based upon his consent to disbarment. The order was predicated on a matter pending against the respondent under Docket No. XIV-2019-0232E and on the respondent's "Disbarment by Consent from the Bar of the State of New Jersey," sworn to by the respondent on October 19, 2022. In the consent, the respondent stated that he consulted with counsel prior to completing the form and that his consent to disbarment was knowingly and voluntarily made. The respondent further stated that he was aware of the allegations made against him of "knowing misappropriation of client funds" and acknowledged that the same were true. He further acknowledged that if he went to a hearing on the matter, he could not successfully defend himself against the charges.
The New York Proceeding
By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey dated December 28, 2022, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee on or before November 10, 2023. Despite confirming receipt of the order to show cause, the respondent failed either to file a response or to request additional time in which to do so.
Based on the findings of the Supreme Court of New Jersey, we find that the imposition of reciprocal discipline is warranted. The sanction imposed in New York for an attorney who submits a resignation during the pendency of a grievance investigation is disbarment (see Matter of Ryan, 226 AD3d 145, 147), and thus, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and WARHIT, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, David Thomas Schlendorf, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, David Thomas Schlendorf, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that the respondent, David Thomas Schlendorf, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that if the respondent, David Thomas Schlendorf, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court